# No. 22-56012

# In the
# United States Court of Appeals
# For the Ninth Circuit

FEDERAL TRADE COMMISSION,
*Plaintiff-Appellee,*

v.

TRIANGLE MEDIA CORPORATION, *et al.,*
*Defendants-Appellees.*

v.

WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A., proposed Intervenors,

*Movants-Appellants,*

———————

THOMAS W. MCNAMARA,
*Receiver-Appellee.*

———————

On Appeal from the United States District Court
for the Southern District of California
The Honorable Larry Alan Burns
Case No. 3:18-cv-01388-LAB-WVG

———————

**VOLUME I OF III – EXCERPTS OF RECORD OF APPELLANTS
WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.**

———————

*(Counsel listed on following page)*

———————

March 8, 2023

| | |
|---|---|
| Kevin M. Lally<br>MCGUIREWOODS LLP<br>355 South Grand Avenue<br>Suite 4200<br>Los Angeles, CA 90071<br>T: (213) 457-9862<br>klally@mcguirewoods.com | David C. Powell<br>Alicia A. Baiardo<br>Jenny Yi<br>MCGUIREWOODS LLP<br>Two Embarcadero Center<br>Suite 1300<br>San Francisco, CA 94111<br>T: (415) 844-9944<br>dpowell@mcguirewoods.com<br>abaiardo@mcguirewoods.com<br>jyi@mcguirewoods.com<br><br>Brian D. Schmalzbach<br>MCGUIREWOODS LLP<br>800 East Canal Street<br>Richmond, VA 23219<br>T: (804) 775-1000<br>bschmalzbach@mcguirewoods.com |

*Counsel for Movants-Appellants Wells Fargo & Co. and Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRIANGLE MEDIA CORPORATION; JASPER RAIN MARKETING LLC; HARDWIRE INTERACTIVE INC.; GLOBAL NORTHERN TRADING LIMITED; BRIAN PHILLIPS; and DEVIN KEER,<br><br>Defendants. | Case No.: 18-cv-1388-LAB-WVG<br><br>**ORDER DENYING MOTION TO INTERVENE [Dkt. 153]** |

Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") is a non-party proposed intervenor seeking to have this Court vacate its November 18, 2019 Order authorizing the Court-appointed Receiver, Thomas McNamara ("Receiver"), to pursue litigation against Wells Fargo for over $160 million in monetary damages owed by the named Defendants in this case. Wells Fargo argues that, per the Supreme Court's ruling in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), the Federal Trade Commission ("FTC") lacks the authority to obtain equitable monetary relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

The Court has read and considered all materials submitted in support of and in opposition to Wells Fargo's Motion to Intervene ("Motion"). For the reasons stated herein, the Motion is **DENIED**. (Dkt. 153).

**I.     BACKGROUND**

In June 2018, the FTC brought an enforcement action against Brian Phillips and Devin Keer, as well as their web of companies, including Triangle Media Corporation, Jasper Rain Marketing, LLC, Hardwire Interactive, Inc., and Global Northern Trading Limited (collectively, "Defendants"). (Dkt. 1). The FTC alleged that Defendants were engaged in a multi-level scheme to sell trial offers of discounted skincare products, electronic cigarettes, and dietary supplements online in order to obtain consumers' credit and debit card information and instead enroll them in a continuity program, charging them a recurring fee on a monthly basis without their knowledge or consent. (*Id.* ¶ 12). The FTC sought, amongst other remedies, equitable monetary relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404; and Section 918(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c). (*Id.* ¶ 1).

On June 29, 2018, United States District Judge Michael Anello partially granted the FTC's request for a Temporary Restraining Order ("TRO") and temporarily appointed the Receiver to oversee, seize, and manage Defendants' assets ("TRO Order"). (Dkt. 11).[1] In doing so, the Court ruled that it "has the authority to issue this order pursuant to Section 13(b) of the FTC Act; 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651." (Dkt. 11 at 5). The Court empowered the Receiver "to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now

---

[1] Judge Anello presided over this matter until his recusal in November 2018, following which this Court assumed jurisdiction over the matter. (*See* Dkt. 88).

under the direction, possession, custody, or control of, the Receivership Entities." (*Id*. at 19). It also authorized the Receiver to "[i]nstitute, . . .or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers." (*Id*. at 21).

On August 24, 2018, Judge Anello issued a preliminary injunction, enjoining Defendants' deceptive business practices and making the Receiver's appointment permanent. (Dkt. 74, 75). The Ninth Circuit affirmed the preliminary injunction on appeal. (Dkt. 119). Thereafter, on May 30, 2019, the parties entered into two settlements that fully resolved all of the FTC's claims against Defendants. (Dkt. 121, 126–27). The Court accepted the settlements and entered a Modified Stipulated Order for Permanent Injunction and Monetary Judgment in the amount of $48,110,267.14 in equitable monetary relief as to Defendants Triangle Media Corporation, Jasper Rain Marketing, LLC, and Brian Phillips, (Dkt. 126), and $123,095,438.18 in equitable monetary relief as to Defendants Hardwire Interactive Inc., Global Norther Trading Limited, and Devin Keer, (Dkt. 127).

On November 18, 2019, this Court issued an order granting the Receiver's motion to extend the receivership for the sole purpose of pursuing litigation against Wells Fargo, and administratively closing this case while that litigation is pursued ("November 2019 Order"). (Dkt. 142). On July 8, 2021, the Receiver brought suit against Wells Fargo in this District in *McNamara v. Wells Fargo & Co.*, 3:21-cv-01245-LAB-DDL (S.D. Cal. July 8, 2021) ("Wells Fargo Litigation"), seeking, in part, the return of funds acquired by Wells Fargo through allegedly fraudulent transfers and/or unjust enrichment at the expensive of the Receivership Entities, as well all applicable damages proximately caused by Wells Fargo's allegedly tortious conduct, including punitive damages. (Dk. 154, Request for Judicial

1  Notice ("RJN"), Ex. C).[2] The Complaint against Wells Fargo alleges twelve causes of action under state law for Wells Fargo's alleged "knowing provision of substantial assistance" to not only the fraud scheme perpetrated by the Defendants in this case, but also to a separate and unrelated fraud scheme perpetrated by the former operators of Apex Capital Group. (*Id*. ¶¶ 1–2).

On November 10, 2021, Wells Fargo filed the present Motion to Intervene, accompanied by a proposed Motion to Vacate the Court's November 2019 Order. (Dkt. 153). Both the FTC and the Receiver filed oppositions in response, arguing that Wells Fargo hasn't met its burden of demonstrating that intervention is warranted here. (Dkt. 167, 168). On January 5, 2022, Wells Fargo filed a reply in support of its motion. (Dkt. 169).

## II. ANALYSIS

### A. Article III Standing

The FTC argues that, as a preliminary matter, Wells Fargo lacks Article III standing to intervene in this case because its alleged injuries are merely hypothetical, and it cannot establish "a likelihood that an injury-in-fact will be redressed by a favorable decision." (Dkt. 167 at 8–9 (quoting *San Diego United Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 866–67 (S.D. Cal. 2018)). Indeed, in any case where any relief is sought, "there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1651 (2017) ("[A]t

---

[2] Court records filed in a related litigation are proper subjects of judicial notice. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The Court, therefore, takes judicial notice of the Complaint, Notice of Related Case, Order of Transfer filed in the Wells Fargo Litigation, attached as Exhibits C–E to Wells Fargo's Request for Judicial Notice. (Dk. 154, Request for Judicial Notice ("RJN"), Exs. C, D, E). As the Court has not considered the remainder of the documents submitted in support of Wells Fargo's RJN, its request for judicial notice as to those exhibits is **DENIED AS MOOT**.

the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests.").

To establish Article III standing, Wells Fargo must demonstrate that it has suffered: 1) an injury in fact that is 2) fairly traceable to the defendant's challenged conduct, and that is 3) likely to be redressed by a favorable ruling. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Wells Fargo's injury amounts to "having to defend itself against litigation that this Court authorized based on an invalidated legal principle," namely allowing the FTC to seek equitable monetary relief under Section 13(b) of the FTC Act. (Dkt. 153-1 at 1). It argues that it may have to pay a monetary judgment contingent on the Receiver's success in the separate Wells Fargo Litigation. (*Id.* at 21). But such speculative injury is insufficient to confer standing here. *See FTC v. Apex Cap. Grp., LLC*, No. CV189573JFWJPRX, 2022 WL 1060486, at *3 (C.D. Cal. Mar. 10, 2022) (finding in case grounded in facts similar to those alleged here, that "injuries stemming from the cost or potential damages of litigation [in a separate suit] are insufficient to confer standing"); *San Diego Unified Port Dist.*, 309 F. Supp. 3d at 867 (holding "[t]he threat that Monsanto may be found liable in this action, . . . or future actions remains speculative" and insufficient to confer standing to assert counterclaims).

Wells Fargo also fails to establish "a likelihood that an injury-in-fact will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560. First, the Wells Fargo Litigation has already been filed and litigation is well underway—it commenced in July 2021 and the parties have already begun discovery. And second, even if this Court granted its request to vacate the November 2019 Order authorizing the Receiver to sue Wells Fargo under Section 13(b) of the FTC Act, the Receiver would still have the authority to continue its ongoing litigation against Wells Fargo to obtain a monetary judgment. In *AMG*, the Supreme Court held that the FTC lacks the authority to obtain equitable monetary relief under Section 13(b), 141 S. Ct. at 1352, but notably here, the FTC's Complaint and request for a preliminary

1  injunction, as well as its request for a TRO, sought relief under not only Section
2  13(b), *but also* Section 5 of ROSCA, which authorizes the FTC to pursue monetary
3  relief on behalf of consumers for unfair or deceptive acts or practices. (*See* Dkt. 1
4  ¶ 1; Dkt. 5 at 1–2). The Court relied on ROSCA in granting in part the TRO and in
5  issuing the preliminary injunction against Defendants, the latter which Order
6  explicitly authorized the Receiver to institute an action in federal court to recover
7  Defendants' assets. (Dkt. 11 at 1, 4; Dkt. 75 at 1–2, 17, 19). And the stipulated
8  orders imposing permanent injunction and judgment also relied on ROSCA. (Dkt.
9  126 at 1; Dkt. 127 at 1). Wells Fargo argues in response that reliance on ROSCA
10 to recover monetary relief is not permitted where the FTC never expressly pled
11 Section 19 of the FTC Act. (Dkt. 172 at 3). But the FTC's failure to specifically
12 invoke Section 19 does not bar its ability to recover under ROSCA. *See FTC v.*
13 *Credit Bureau Ctr., LLC*, No. 17 C 194, 2021 WL 4146884, at *2 (N.D. Ill. Sept.
14 13, 2021) (granting FTC's motion for judgment under ROSCA where, like here,
15 the original complaint pled ROSCA but not Section 19 of the FTC Act). Nor does
16 Wells Fargo's argument address how *AMG* affects the state law claims brought
17 against Wells Fargo that are not based on the FTC regulatory scheme. Thus, even
18 if the Court vacated its November 2019 Order to preclude the Receiver from
19 seeking to recover monetary damages under Section 13(b), the Receiver could
20 still pursue damages under ROSCA and the state law claims.
21      Wells Fargo fails to establish that it suffered a concrete injury redressable
22 through intervention, and therefore fails to establish it has Article III standing to
23 intervene in this case.

24      **B.    Intervention as of Right**

25      Even if Wells Fargo could establish constitutional standing, Wells Fargo fails
26 to meet the Ninth Circuit's four-part test to determine whether a motion to
27 intervene should be granted as a matter of right: "(1) the motion must be timely;
28 (2) the applicant must claim a 'significantly protectable' interest relating to the

1 property or transaction which is the subject of the action; (3) the applicant must
2 be so situated that the disposition of the action may as a practical matter impair
3 or impede its ability to protect that interest; and (4) the applicant's interest must
4 be inadequately represented by the parties to the action." *Callahan v. Brookdale*
5 *Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (*Wilderness Soc'y*
6 *v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)).

7       The first element, timeliness, "is the threshold requirement for intervention."
8 *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). Timeliness hinges on
9 "three primary factors: (1) the stage of the proceeding at which an applicant seeks
10 to intervene; (2) the prejudice to other parties; and (3) the reason for and length
11 of the delay." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)
12 (internal citation and quotation marks omitted). Critically here, the Court entered
13 stipulated orders for permanent injunction and monetary judgment on May 20,
14 2019, and administratively closed the case on November 19, 2019. Over two
15 years passed before Wells Fargo filed its motion requesting intervention. That fact
16 alone weighs heavily against intervention. *See United States v. Washington*, 86
17 F.3d 1499, 1503 (9th Cir. 1996) ("Although the length of the delay is not
18 determinative, any substantial lapse of time weighs heavily against intervention.
19 If the court finds that the motion to intervene was not timely, it need not reach any
20 of the remaining elements of Rule 24.") (internal citations omitted); *see also Lee*
21 *v. Pep Boys–Manny Moe & Jack of Cal.*, No. 12-cv-05064-JSC, 2016 WL 324015,
22 at *5 (N.D. Cal. Jan. 27, 2016) ("The age of this case weighs against a finding of
23 timeliness, as this case was originally filed nearly three and a half years ago.").

24       The FTC argues that Wells Fargo was on notice that its interests were at
25 risk by at least October 22, 2019, when the Receiver filed a motion notifying the
26 Court of the conclusion of its investigation into a potential receivership estate
27 lawsuit against Wells Fargo and requesting permission to engage contingency
28 counsel to represent the Receiver in that action. (*See* Dkt. 136-1). In response,

Wells Fargo contends that even though the present action was filed against Defendants in 2018, Wells Fargo was never a party to that action, and it wasn't until April 22, 2021 that the Supreme Court issued its instructive ruling in *AMG*, and July 8, 2021 that the Receiver actually filed a complaint in the Wells Fargo Litigation. (Dkt. 153-1 at 13–14; Dkt. 172 at 6–7). But this still ignores the fact that Wells Fargo waited over six months after the *AMG* decision and nearly four months from the date the Wells Fargo Litigation commenced to file the present motion. And importantly, even if the Court considered a four to six month delay inconsequential, permitting intervention would prejudice the FTC, which is still empowered to pursue monetary judgment against Wells Fargo regardless of Section 13(b)'s applicability. If the Court granted the intervention request, the FTC would no doubt be forced to relitigate issues that have already been adjudicated in this case. As such, the Court does not find that the timeliness element has been satisfied.

As to the second element, Wells Fargo maintains that it has a protectable interest "in not having to defend itself against litigation" initiated by the Receiver based "on an invalidated legal principle." (Dkt 153-1 at 16). However, Wells Fargo fails to demonstrate that it has a significant protectable interest in this case "[f]or the same reason that Wells Fargo's litigation exposure fails to establish an injury sufficient to confer standing." *Apex Cap. Grp., LLC*, 2022 WL 1060486, at *5. As discussed previously, the Receiver continues to properly assert claims for monetary damages against Wells Fargo, regardless of whether the Receiver can seek a monetary judgment under Section 13(b) of the FTC Act.

Finally, even if Wells Fargo could demonstrate that it has a protectable interest, it must also demonstrate that it would be unable to protect its interests if it isn't allowed to intervene here. Notably, nothing precludes Wells Fargo from raising the same arguments and defenses in the Wells Fargo Litigation as the ones it seeks to assert here through intervention. It remains unclear why the Court

would need to reopen a closed case, potentially undo stipulated orders and judgments, and vacate its previous order, just so Wells Fargo can belatedly argue here what it can more effectively argue in the case actually brought against it. As such, Wells Fargo hasn't met the third requirement, and the Court concludes that Wells Fargo isn't entitled to intervene as of right in this case.

### C. Permissive Intervention

Wells Fargo argues in the alternative that it is entitled to permissive intervention under Rule 24(b). A district court has discretion to permit intervention when the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Callahan*, 42 F.4th at 1022 (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). As part of its discretion, the Court may also consider "whether intervention will prolong or unduly delay the litigation" and "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

The Court applies the same timeliness analysis as the one used in considering whether intervention as of right is warranted. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (citing *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984)) ("In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right."). This case has long been closed, and even after the *AMG* decision was issued and the Wells Fargo Litigation commenced, Wells Fargo still waited at least four months to bring this motion. And given that Wells Fargo is already embroiled in that litigation, where it's free to raise the same arguments and defenses it seeks to raise here, the Court finds that permitting

intervention in this case is unnecessary and will result in yet further delay and avoidable litigation.

Accordingly, the Court exercises its discretion and denies Wells Fargo's request for permissive intervention under Rule 24(b).

### III. CONCLUSION

Wells Fargo's Motion to Intervene is **DENIED**. (Dkt. 153).

**IT IS SO ORDERED.**

Dated: September 30, 2022

**Hon. Larry Alan Burns**
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

Dated: March 8, 2023  /s/ Brian D. Schmalzbach
Brian D. Schmalzbach