

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

Michael D. Bergman
Office of General Counsel
Phone: (202) 326-3184
Email: mbergman@ftc.gov

September 21, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

    Re: *FTC v. Triangle Media Corp.*, *et al.*, No. 22-56012

Dear Ms. Dwyer:

    Pursuant to F.R.A.P. 28(j), I write to inform the Court of decisions in *FTC v. Hewitt*, 68 F.4th 461 (9th Cir. 2023), and *FTC v. Ross,* 74 F.4th 186 (4th Cir. 2023), both of which further support the FTC's arguments in this case.

1. *Hewitt*

    We showed in our brief that Wells Fargo lacks Article III standing to intervene in part because redress for its asserted injury is highly unlikely. FTC Br. 25-27. Wells Fargo claimed (Br. 20-25) that the receivership orders are no longer supportable under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), after *AMG Cap. Mgmt.*, *LLC v. FTC*, 141 S. Ct. 1341 (2021) and that relief under Section 19, 15 U.S.C. § 57b, would be more limited. But the district court properly held that, even if it excised Section 13(b) as a basis for the receivership orders, those orders remained supported by the Restore Online Shoppers' Confidence Act, which was unaffected by *AMG*, and that the Receiver could maintain his state law claims that are not based on the FTC's regulatory scheme. 1-ER-7-8. The bank also failed to show how recoveries under Section 19 and Section 13(b) would differ. FTC Br. 24 n.13.

*Hewitt* supports the district court's conclusion that Wells Fargo's claimed injury would not be redressable by a favorable decision. *See* 1-ER-7. *Hewitt* declined to vacate a judgment in the wake of *AMG* under Rule 60(b), holding that Rule 60(b)(6) relief was available only in "extraordinary circumstances," and that *AMG* was "hardly extraordinary" where the underlying judgment was "consistent with then-prevailing circuit precedent." 68 F.4th at 468.

2. *Ross*

*Ross* likewise denied Rule 60(b) relief on *AMG* grounds, recognizing that "*AMG* is not sufficiently extraordinary to justify" relief under Rule 60(b)(6). 74 F.4th at 194. Holding otherwise, the court said, "would effectively eviscerate finality interests and open the floodgates to newly meritorious 60(b)(6) motions each time the law changes." *Id*. Further, regardless of whether Section 13(b) authorized monetary relief, "the FTC could have pursued 'materially similar relief under alternative remedial pathways,'" such as Section 19. *Id*. at 195.

                                                               Sincerely,

                                                               s/ *Michael D. Bergman*
                                                               Michael D. Bergman
                                                               Attorney

## CERTIFICATE OF COMPLIANCE

I certify that the body of the foregoing letter contains 346 words and is thus in compliance with the 350-word count limit in Fed. R. App. P. 28(j) and 9th Cir. R. 28-6.

September 21, 2023							*Michael D. Bergman*
								Michael D. Bergman
								Attorney
								Federal Trade Commission

## CERTIFICATE OF SERVICE

I certify that on September 21, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

September 21, 2023							*Michael D. Bergman*
								Michael D. Bergman
								Attorney
								Federal Trade Commission